# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 1513 | **DATE** | 1/27/2004 |
| **CASE TITLE** | AOT USA vs. Merrill Lynch | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Motion to dismiss [3-1] is granted. This is a final and appealable order. All other pending motions are deemed moot by this order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | '04 JAN 28 AM 8:23 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 8 2004

| | |
|---|---|
| AOT USA, a California corporation | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 03 C 1513<br>) |
| MERRILL LYNCH PROFESSIONAL<br>CLEARING CORPORATION, a<br>Delaware corporation, | ) Wayne R. Andersen<br>) District Judge<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the defendant, Merrill Lynch Professional Clearing Corporation ("Merrill Lynch") to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the following reasons, we grant the motion to dismiss plaintiff's complaint and thereby confirm the arbitration award.

## BACKGROUND

Plaintiff AOT USA's ("AOT") complaint seeks the vacation of an arbitration award rendered by the Chicago Board Options Exchange, Inc. ("CBOE") on or about January 30, 2003 (the "Award"). In January 2001, Plaintiff AOT commenced an arbitration before the CBOE against Defendant Merrill Lynch. The arbitration challenged Merrill Lynch's October 2000 actions in "buying-in" a position in Terra Networks, S.A. ("Terra").

During the course of the arbitration proceeding, AOT argued that Merrill Lynch executed the buy-ins, which eventually were allocated to AOT's account by AOT's clearing firm, at a

commercially unreasonable price. Merrill Lynch countered that it had abided by Rule 11810 of the Uniform Practice Code of the National Association of Securities Dealers, Inc. ("NASD"), which governs the buying-in of undelivered securities. On or about January 30, 2003, the CBOE arbitration panel issued its Award denying AOT any relief.

AOT now seeks to vacate the arbitration Award in this Court.

## DISCUSSION

The Federal Arbitration Act, 9 U.S.C. § 1, et seq, "establishes 'a federal policy favoring arbitration.'" *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987) (*quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983)). The corollary to this federal bias in favor of arbitration is that "judicial review of an arbitration award is extremely limited." *E.I. DuPont de Nemours v. Grasselli Employees Independent Ass'n*, 709 F.2d 611, 614 (7th Cir.), *cert. denied*, 479 U.S. 853 (1986).

Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §10, sets forth the bases by which a District Court may vacate an arbitration award. These are:

> a. In any of the following cases, the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration -
>
> (1) Where the award was procured by corruption, fraud, or undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any

2

> other misbehavior by which the rights of any party have been prejudiced.
>
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). *See also IDS Life Insurance Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645, 649-50 (7th Cir. 2001).

In this case, the Complaint does not allege any of the above-listed rationale as a basis for vacating the Award. Rather, Paragraph 15 of the Complaint identifies the following grounds for vacating the Award:

> (a) To enforce said award would be contrary to the public policy of the United States; and
>
> (b) The award rendered by the arbitrators was in manifest disregard of NASD rules.

The following discussion will show that neither of these grounds warrants vacation of the Award in this case. See 9 U.S.C. §10(a); *IDS Life Insurance Co., Inc.*, 266 F.3d at 649-50.

I. Manifest Disregard

As set forth above, the FAA limits the bases for overturning and vacating an arbitration award. See 9 U.S.C. § 10. In addition to the rationale set forth in the Act however, the Supreme Court, in dictum, has implied that an additional, limited rationale may occasionally warrant the vacation of the an arbitration award. *Wilko v. Swan*, 346 U.S. 427, at 436-437 (1953) (dictum); *First Options v. Kaplan*, 514 U.S. 938, 942 (1995) (dictum). The Seventh Circuit has narrowly circumscribed the instances in which a party may invoke this non-statutory ground to situations in which the arbitration award directs the parties to violate the law or when the arbitral order does

not adhere to the legal principles specified by contract. *See IDS Life Insurance Co. v. Royal Alliance Associates, Inc.*, 266 F.3d 645 (7th Cir. 2001); *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F. 3d 577, 580 (7th Cir. 2001). As the Seventh Circuit observed in *George Watts*:

> After *Eastern Associated Coal* the 'manifest disregard' principle is limited to two possibilities: an arbitral order requiring the parties to violate the law (as by employing unlicensed truck drivers), and an arbitral order that does not adhere to the legal principles specified by contract, and hence unenforceable under §10(a)(4).

248 F.3d at 581.

In this case, AOT is unable to plead that the arbitration Award directs the parties to violate the law. At the arbitration hearing, AOT challenged the procedure by which Merrill Lynch executed a buy-in and the CBOE found that Merrill Lynch had acted properly. AOT does not explain how the panel, by its ruling, either violated the law or directed Merrill Lynch to violate the law.

Nor can AOT argue that the CBOE panel ignored the arbitration agreement or CBOE arbitration rules - the contract governing the proceedings in this case. In fact, the Award establishes that the CBOE panel considered, and rejected, AOT's arguments with respect to the buy-in and with respect to the provisions of NASD Code 11810(C)(1). See Complaint, Exhibit 1. The Seventh Circuit has limited the consideration of arbitrators' rulings with respect to contract interpretation:

> Courts often say, with respect to arbitrators' role in interpreting contracts, that error is not a ground of judicial review. '[T]he question for decision by a federal court asked to set aside an arbitration award ... is not whether the arbitrator or arbitrators erred in interpreting the contract; it is not whether they clearly erred in interpreting the contract; it is not whether they grossly erred in interpreting the contract; it is whether they interpreted the contract.' *Hill v. Norfolk & Western*

4

*Ry.*, 814 F.2d 1192, 1194-95 (7th Cir. 1987); *see, e.g., United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960).

*George Watts*, 248 F.3d at 579. Here, the evidence shows that the CBOE panel fully followed the parties' arbitration agreement and considered and rejected AOT's arguments.

By the same token, AOT's assertion in Paragraph 18 of the Complaint that the "arbitrators ignored the NASD rule" is belied by AOT's own exhibits. In the Complaint, AOT claims: "In allowing AOT USA to be bought in at $25.50, the arbitrators ignored the NASD rule regarding buy-ins at the current market price evincing a manifest disregard of the law."

In fact, the Award makes clear that the arbitration panel both considered and applied NASD Rule 11810:

> On January 16, 2001, AOT USA ('Claimant') filed a Statement of Claim against Merrill Lynch Professional Clearing Corporation claiming that, on October 25, 2000, Respondent improperly effected a 'buy-in' (the 'buy in') in Terra Networks S.A. Claimant asserts that the 'buy-in' was executed at a price without economic justification and did not conform to the procedural rules contained in NASD Regulation 11810 of the NASD's Uniform Practice Code. Claimant alleges that, as a direct result of Respondent's failure to conform to NASD regulations in executing the buy-in, Claimant suffered a loss of One Million Two Hundred Eleven Thousand Four Hundred Ninety Four and 00/100 Dollars ($1,211,494.00). In its answer, and at the hearing, Respondent refutes Claimant's allegations. . . .
>
> After due deliberation and in consideration of the hearing testimony, documentary evidence, and other submissions made by the parties, the undersigned arbitrators, in full and final resolution of all issues in controversy, award as follows:
>
> 1. The panel denies Claimant's request[s] . . .

January 30, 2003 Arbitration Award, attached to AOT's Complaint as Exhibit 1.

Thus, it is clear that the arbitrators framed and addressed the appropriate issue, considered all of the evidence, and rejected AOT's position. Accordingly, AOT fails to sufficiently plead

facts alleging a valid manifest disregard of the law, and the Complaint must be dismissed on this basis.

II. Public Policy

The Supreme Court has ruled that courts may not enforce collective bargaining agreements that are contrary to public policy. *See W.R. Grace & Co. v. Local Union 759*, 461 U.S. 757, 766 (1983). These prohibitions extend to arbitration proceedings mandated by such union contracts. *Id.* In this circuit, however, it is questionable whether this "public policy" justification for vacating an arbitration award would be extended beyond the limited exception of collective bargaining contracts. *See Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 267, n. 7, (7th Cir. 1988).

Even assuming that "violation of public policy" could form a basis for vacation of the Award in the Seventh Circuit, AOT fails to plead an "explicit public policy" that has been violated by the Award. In the limited cases in the collective bargaining context in which courts have vacated arbitration awards for "violation of public policy," the courts have emphasized that the violation must be of "some explicit policy" that is "well defined and dominant and is to be ascertained `by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *Id. See also United Paperworkers International v. Misco*, 441 U.S. at 43; *Muschany v. United States*, 324 U.S. 49, 66 (1945).

By contrast, in this case, AOT cites no evidence of violation of public policy. First, the Complaint does not clearly state what public policy the CBOE panel allegedly undercut in rendering its arbitration Award. The Complaint asserts, without factual justification or support,

that enforcement of the Award, would be contrary to the "explicit and well defined public policy of the role that short sellers play" in the marketplace.

Indeed, there is no assertion that anyone, other than AOT, has been affected by the Award. The public policy purportedly at issue - the ability of market makers to engage in short selling of securities - was not directly or indirectly at issue in the arbitration proceedings. See Complaint ¶ 16(B) and Exhibit 1 thereto. Likewise, the Award, which denies relief to AOT, has no direct or indirect effect on the right or ability of a market maker to conduct short sales, and AOT does not allege facts suggesting that it does. In essence, AOT attempts to magnify its own disappointment in the arbitrators' decision into a matter affecting the public as a whole. Yet, the Complaint and exhibits attached thereto make clear that this is merely a private grievance having no real public policy implication. Accordingly, "violation of public policy" does not form a basis for vacating the Award.

In sum, AOT has failed to plead a valid basis for vacating the arbitration Award under the rationale enumerated in 9 U.S.C. sec. 10(a). Moreover, the reasons for vacating the Award which AOT has plead in the Complaint–that it is contrary to public policy and in manifest disregard of the law–do not, in this case, warrant relief.

## CONCLUSION

For the foregoing reasons, we grant the motion of Defendant Merrill Lynch Professional Clearing Corporation to dismiss Plaintiff's Complaint and, thus, we confirm the arbitration

Award rendered on or about January 30, 2003 in this case. This is a final and appealable order. All other pending motions are deemed moot by this order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 27, 2004